UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES FRANKLIN SNYDER,<br><br>　　　　　　　Petitioner,<br>　　v.<br><br>GLENN ARMSTRONG,<br><br>　　　　　　　Respondent. | Case No. 2:23-cv-00831-TSZ-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 15, 2023 |

Petitioner James Franklin Snyder filed his federal habeas petition pursuant to 28 U.S.C. § 2254, seeking relief from a January 2006 Snohomish County Superior Court conviction. *See* Dkt. 11. Petitioner is currently confined at St. Anthony Work Camp in St. Anthony, Idaho. *Id.* Respondent has moved to dismiss the petition. Dkt. 18. The Court concludes petitioner is not "in custody" pursuant to the conviction he challenges and the Court, therefore, lacks subject matter jurisdiction over this matter.

Respondent's motion to dismiss (Dkt. 18) should be GRANTED, the petition (Dkt. 11) should be DISMISSED, and a certificate of appealability should be DENIED.

**I.　Background**

Petitioner challenges his January 2006, Snohomish County Superior Court judgments and sentences under case number 05-0031-8.[1] Dkt. 11. The judgments and

---

[1] The Court notes that there were two separate judgments and sentences entered in the case, a felony judgment and sentence for Counts I and II, and a misdemeanor judgment and sentence for Count III. Dkt. 9-1.

REPORT AND RECOMMENDATION - 1

sentences in that case reflect petitioner was convicted of one count of distribution of a controlled substance to a person under age 18, one count of second degree burglary, and one count of unlawful harboring of a runaway, and was sentenced to a total of 84 months confinement and 9 to 12 months of community custody.[2] Dkt. 19-1.

The petitioner challenges his judgments and sentences on the grounds that: (1) he is actually innocent; (2) he received ineffective assistance of counsel in that defense counsel told petitioner if he pled guilty he would receive a Drug Offender Sentencing Alternative (DOSA) but he did not; (3) he was "forced to plead guilty" because he was housed in segregation for 13 months and pled guilty in order to "get out"; and (4) he received excessive "no bail." *Id.* The petition further alleges that this case "hinders" petitioner in that he's "denied housing, jobs, friends and any normal reputation[.]" *Id.* at 12. He contends that "if this wrongful conviction was off my record and accusations I would not be unlawfully restrained in Idaho and have no future unlawful restraint of future payments for court costs." *Id.* at 19. He asserts that "[i]f this case wouldn't have happened I would not have drove into … Idaho to a church and tried to commit suicide." *Id.* at 25.

In a separate filing titled "Brief Why this Case Must Be Granted" petitioner also appears to allege the prosecutor withheld witness statements and/or exculpatory evidence ("Brady material"), that RCW 69.50 requires "physical evidence" to charge him with a drug crime, and Snohomish County detectives violated the Americans with Disabilities Act (ADA). Dkt. 8. Petitioner indicates he was originally charged with

---

[2] The judgments and sentences reflect that petitioner was sentenced to 84 months of confinement and 9-12 months of community custody on Count I, 22 months of confinement on Count II, and 180 days of confinement on Count III, but that the sentences were to run concurrently. Dkt. 19-1.

REPORT AND RECOMMENDATION - 2

1  "kidnapping, unlawful imprisonment, rape II degree, residential burglary, distribution of
2  controlled substance" and was then put in segregation for 13 months and "forced" to
3  sign a plea bargain" to "distribution of controlled substance schedules I and II." *Id.* at 3-
4  4. He also alleges "someone went into this Snohomish County Case and added multiple
5  sex accusations" and added he was a "gang member." *Id.* at 5-6. He alleges the
6  "Snohomish Prosecutor case summary to the Washington State Department of
7  Corrections led everyone to believe [petitioner] was a sex offender." *Id.* He alleges the
8  "Idaho Department of Corrections ended up with that Snohomish County case summary
9  and retaliated and knew [petitioner] was mentally challenged and locked [him] in
10 segregation for a long time[.]" *Id.*

   Respondent moved to dismiss the petition on the grounds that petitioner is not "in
custody" pursuant to the 2006 Snohomish County Superior Court judgments and
sentences for the purposes of § 2254. Dkt. 18. Petitioner has filed responses to the
motion. Dkts. 22, 24. Petitioner has also filed a document titled "motion for justification"
which appears to consist of additional arguments responding to the motion to dismiss
(Dkt. 23), as well as a document titled "motion: unable to do any legal work" (Dkt. 21).

II.   Discussion

   Respondent asserts the petitioner is no longer "in custody" for the 2006
Snohomish County Superior Court judgments and sentences challenged in the petition.
Dkt. 18. In support of the motion, respondent submits a copy of the January 10, 2006,
Snohomish County Superior Court judgments and sentences which reflect petitioner
was convicted of one count of distribution of a controlled substance to a person under
age 18, one count of second degree burglary, and one count of unlawful harboring of a

REPORT AND RECOMMENDATION - 3

runaway, and that the Court imposed a sentence of a total of 84 months confinement and 9 to 12 months of community custody. Dkt. 19-1.

Respondent also submits the "Court-Special Supervision Closure" document which reflects that petitioner's community custody period for this case ended on June 10, 2011. Dkt. 19-2. Respondent also references an opinion from the Idaho Court of Appeals, dated March 14, 2023, which reflects that petitioner is serving a criminal sentence imposed by the State of Idaho after pleading guilty to possession of a controlled substance. Dkt. 18 at 2, n.1; https://isc.idaho.gov/opinions/49736.pdf. The record reflects that petitioner is currently confined at the St. Anthony Work Camp in St. Anthony, Idaho. Dkt. 11.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). A petitioner must be "in custody" under the conviction or sentence under attack when he files his federal petition. *Id.* at 490-91. The "in custody" requirement is met when a petitioner "is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v. Belleque*, 554 F.3d 816, 822 (9th Cir. 2009) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)).

When the conviction or sentence under attack has fully expired at the time the petition is filed, the petitioner does not meet the "in custody" requirement. *Maleng*, 490 U.S. at 492. Further, a petitioner is not "in custody" under a conviction after the sentence imposed has fully expired merely because the prior conviction could be used to enhance a sentence imposed for a future conviction. *Id.* at 493; *see also Lackawanna*

REPORT AND RECOMMENDATION - 4

*County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). The petitioner bears the burden of establishing the Court has subject matter jurisdiction. *See Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993).

The record reflects that on January 10, 2006, petitioner was sentenced to a total of 84 months of incarceration and 9 to 12 months of community custody. Dkt. 19-1. The record further reflects that petitioner's community custody period ended on June 10, 2011. Dkt. 19-2. Petitioner did not file his federal habeas petition until May 24, 2023, more than 11 years after he finished serving his sentence when his community custody ended. Dkt. 1.

Petitioner does not dispute that he finished serving his sentence on the 2006 Snohomish County Superior Court judgments and sentences in 2011. Petitioner also acknowledges that he is currently in custody in Idaho pursuant to a criminal sentence imposed by the State of Idaho. In his responses and other documents filed in support of his petition, petitioner instead argues that he was "in custody" in 2011 when he filed a state court habeas petition, which he indicates was changed to a personal restraint petition, and that the petition was improperly dismissed at the time as moot. Dkt. 8 at 2; Dkt. 22 at 7; Dkt. 23 at 2; Dkt. 24 at 1-2. Yet this does not establish that petitioner was "in custody" -- at the time he filed the instant federal habeas petition in 2023 -- pursuant to the 2006 Snohomish County judgment and sentence.

Petitioner also argues that he still has "court fines" that are "legal"[3] that he is required to pay and that he is still subject to a restraining order pursuant to the 2006

---

[3] Petitioner is apparently referring to Legal Financial Obligations ("LFOs") he is required to pay pursuant to the 2006 Snohomish County judgments and sentences.

REPORT AND RECOMMENDATION - 5

Snohomish County judgments and sentences. Dkt. 23 at 2. But these obligations do not meet the "in custody" requirement. *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) ("the imposition of a fine, by itself, is not sufficient to meet 2254's jurisdictional requirements."); *see also Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) ("[C]ourts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement."); *Edmunds v. Won Bae Chang*, 509 F.2d 39, 41 (9th Cir. 1975) ("We trust that whatever Congress meant by the word 'custody' when it enacted the habeas corpus statute, it did not intend to authorize federal intervention into state judicial proceedings to review a 'fine only' sentence."); *Powell v. Ferguson*, No. 322CV05166JHCTLF, 2022 WL 13685455, at *2 (W.D. Wash. Oct. 5, 2022), *report and recommendation adopted*, No. 322CV05166JHCTLF, 2022 WL 13672877 (W.D. Wash. Oct. 21, 2022) ("Petitioner's [Legal Financial Obligations ("LFOs"] do not fulfill the 'in custody' requirement for federal *habeas corpus* jurisdiction."); *Henderson v. Villanueva*, No. CV 21-00802, 2021 WL 1045730, at *2 (C.D. Cal. Feb. 11, 2021) (restraining order preventing petitioners from possessing firearms or having contact with their children not the types of significant restraints on physical liberty necessary to render them "in custody" for purposes of federal habeas jurisdiction); *Austin v. California*, No. 20-cv-00900, 2020 WL 4039203, at *2 (N.D. Cal. Jul. 17, 2020) (firearm and contact restrictions imposed by restraining order do not render petitioner "in custody" under habeas statute).

Petitioner also alleges "someone went into this Snohomish County Case and added multiple sex accusations" and added he was a "gang member." Dkt. 8 at 5-6. Petitioner fails to explain how this alleged alteration of certain unidentified records in the

REPORT AND RECOMMENDATION - 6

Snohomish County case has in any way affected his conviction or sentence in his Idaho criminal case for which he is currently confined and serving his sentence, much less renders him "in custody" for purposes of challenging the 2006 Snohomish County judgments and sentences.

Petitioner argues the Snohomish County prosecutor's "case summary" which included some unspecified reference to sex offenses was given to the Idaho Department of Corrections and that they retaliated against him by placing him in segregation. Petitioner fails to establish this would have any relevance to whether he is "in custody" under the 2006 Snohomish County judgments and sentences for purposes of bringing this federal habeas petition. In sum, petitioner fails to show how the alleged alteration of the records of the Snohomish County case in the context of petitioner's Idaho criminal case would render petitioner "in custody" for purposes of challenging the 2006 Snohomish County judgments and sentences.[4]

The Court notes that plaintiff has also filed a document titled "motion: unable to do any legal work" in which he makes conclusory allegations that Idaho has stopped him from doing legal work, he has no law library, and he cannot fully represent himself because he is mentally ill. Dkt. 21. However, the record shows that petitioner has successfully filed his petition and various other documents in this case and that he has also responded to respondent's motion to dismiss with relevant arguments.

---

[4] Petitioner makes some other conclusory assertions that his Idaho criminal case would not have happened if his Snohomish County case had not happened. Although it is somewhat unclear, he appears to allege the Snohomish County case affected his reputation and mental health and that because of this he drove into Idaho to try to commit suicide and was subsequently arrested there. But these assertions do not establish petitioner is "in custody" under the 2006 Snohomish County Superior Court judgment and sentence.

REPORT AND RECOMMENDATION - 7

The Court also notes that the issue of whether petitioner was "in custody" when he filed his habeas action, and thus whether the Court has jurisdiction, is a threshold issue that does not require petitioner to present significant legal arguments regarding the merits of the underlying claims in his habeas action. Petitioner's filings indicate he is capable of articulating his claims and making relevant arguments and, as the Court concludes it lacks jurisdiction, petitioner fails to show a likelihood of success on the merits.[5] [6]

Petitioner has not shown he was "in custody" as a result of the 2006 state court judgment and sentence on the date he filed his federal habeas petition. Thus, the Court lacks jurisdiction over this case and the petition must be dismissed.

### III. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

---

[5] Petitioner does not specifically request appointment of counsel in his filing but to the extent his filing could be construed as such a request, he fails to demonstrate he meets the standard for appointment of counsel and the request should be denied.

[6] The Court notes that petitioner also makes other allegations which appear to challenge the conditions of his confinement at both the Idaho and Washington facilities where he was previously or is currently confined. Claims by prisoners challenging the conditions of confinement are properly raised in a 42 U.S.C. §1983 action.

record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

The Court finds it is not necessary to hold an evidentiary hearing in this case because the petition may be resolved on the existing record.

**IV.    Certificate of Appealability**

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. See 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of the petition or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes petitioner is not entitled to a certificate of appealability with respect to this petition.

**V.    Conclusion**

For the above stated reasons, the respondent's motion to dismiss (Dkt. 18) should be GRANTED, and the petition (Dkt. 11) should be DISMISSED for lack of subject matter jurisdiction. No evidentiary hearing is necessary, a certificate of appealability should be DENIED, and the case should be closed.

REPORT AND RECOMMENDATION - 9

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **December 15, 2023**, as noted in the caption.

Dated this 20th day of November, 2023.

*/s/ Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10